UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00115-GNS-CHL

PLUMBERS AND PIPEFITTERS LOCAL
   UNION NO. 502 HEALTH AND
   WELFARE TRUST FUND, et al.                              PLAINTIFFS

v.

JANSING MECHANICAL CONTRACTORS, INC.           DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment filed by Plaintiffs. (Pls.' Mot. for Summ. J., DN 14). The motion is ripe for adjudication. For the reasons stated below, the Court **GRANTS** Plaintiffs' motion.

### I.     SUMMARY OF FACTS AND CLAIMS

On July 22, 2008, Plaintiffs and Defendant Jansing Mechanical Contractors, Inc. ("Jansing") entered into a collective bargaining agreement. (Pls.' Mot. for Summ. J. Ex. 3, at 2, 25, DN 15-3 [hereinafter Agreement]). The Agreement dictated wage and fringe benefit rates from August 1, 2007, through July 31, 2012, continued on a year-to-year basis thereafter, and could be modified or terminated on written notice given at least 60 days prior to the expiration of the initial five-year period and thereafter at least 60 days prior to the expiration of any annual period. (Agreement 3, 19). As part of the Agreement, Jansing agreed to be bound by the written terms of local trust agreements specifying to which trusts the fringe benefits payments were to be paid. (Agreement 16).

The trust funds adopted a delinquency policy that dictates that employers are to pay into the funds by the 10th day of each qualifying month. (Pls.' Mot. for Summ. J. Ex. 4, at 1, DN 15-4 [hereinafter Delinquency Policy]). The delinquency policy provides for several consequences of delinquent payments: (1) if payment is made on or after the 16th day of a qualifying month, the employer is subject to an interest rate of 8% per annum; (2) if payment is made after the 26th day of a qualifying month, the employer is subject to liquidated damages equal to 3% of the unpaid contributions; (3) if payment is made after the last calendar day of a qualifying month, the employer is subject to liquidated damages equal to 6% of the unpaid contributions; and (4) if payment is made after the expiration of a cure period provided by letter or if a lawsuit is filed, the employer is subject to liquidated damages equal to 10% of the unpaid contributions. (Delinquency Policy 4).

From 2008 through 2014, Plaintiff Plumbers and Pipefitters Local 502 ("the Union") sent all signatory contractors, including Jansing, a Wages Rate notice alerting the signatory contracts in what manner a specified increase to the wage and fringe benefit package would be allocated to the trusts. (Pls.' Mot. for Summ. J. Ex. 5, at 1-3, DN 15-5 [hereinafter DeSpain Certification]). During that time, neither the Union nor Jansing sent a written notice attempting to terminate the Agreement. (DeSpain Certification 3). Beginning in January 2014, Jansing ceased contributing to Plaintiff Plumbers and Pipefitters Local Union 502 Health and Welfare Trust Fund and periodically failed to pay other trusts. (Pls.' Mot. for Summ. J. Ex. 6, at 3, DN 15-6 [hereinafter Weir Certification]).

On February 3, 2015, Plaintiffs filed their Complaint alleging breach of the Agreement and requesting damages as a result of the breach. (Compl. 3-6, DN 1). In its Answer, Jansing admitted that it entered into the Agreement. (Compl. 3; Answer 2, DN 9). On August 3, 2015,

Plaintiffs filed their Motion for Summary Judgment. Jansing did not respond. On December 16, 2015, defense counsel represented to the Court that he would file either a notice of bankruptcy or a response to Plaintiffs' motion on or before December 30, 2015. (Report on Telephonic Status Conference, DN 23). Jansing filed neither. Plaintiffs' motion is thus ripe for review.

## II. JURISDICTION

The Court has subject matter jurisdiction in that this civil action arises under the laws of the United States, including, but not limited to 29 U.S.C. § 1132.

## III. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of any material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 322. If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support

of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

As an initial matter, the Court notes that Jansing has failed to file a timely response to Plaintiffs' motion, despite having been given an additional opportunity to do so. (*See* Report on Telephonic Status Conference). Joint Civil Local Rule 7.1(c) provides: "Failure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). Regardless, the Court is obligated to consider Plaintiffs' motion under the standard of Federal Rule of Civil Procedure 56(a), which requires Plaintiffs to show that there is no genuine issue of material fact as to Jansing's liability, despite Jansing's failure to respond. *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005).

The only evidence in the record on the questions of whether Jansing failed to pay the necessary contributions and in what amount comes in the form of a certification signed under penalty of perjury by Mary Weir ("Weir"), the third-party administrator of two of the plaintiff trusts, who is also the collection agent for other plaintiff trusts. (Weir Certification 1). She asserts that, "[f]rom January 1, 2014 through June 30, 2015, JANSING underpaid contributions to the Trust Funds in the amount of $13,236.24. . . . As a result of the unpaid contributions, JANSING owes $1,269.66 in liquidated damages." (Weir Certification 3). In addition to these sums, Plaintiffs seek an additional $857.81 in interest on the unpaid amount and attorney's fees and costs. (Pls.' Mem. in Supp. 10-11). These factual bases are uncontroverted.

When a court enters judgment in favor of an ERISA plan, the Court must award: (1) unpaid contributions; (2) "an amount equal to the greater of . . . interest on the unpaid contributions, or . . . liquidated damages provided for under the plan in an amount not in excess

4

of 20 percent . . . of the amount [of unpaid contributions as] determined by the court . . ."; (3) reasonable attorney's fees and costs; and (4) "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). Plaintiffs have provided sufficient proof both that Jansing violated the Agreement as they have represented and that they are entitled to the relief requested through Weir's certification. Each of the types of damages sought are damages which the Court must award under 29 U.S.C. § 1132(g)(2). Accordingly, the Court will grant summary judgment as to Plaintiffs' breach of contract claim.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (DN 14) is **GRANTED**.

Greg N. Stivers, Judge  
United States District Court  
January 27, 2016

cc: counsel of record